# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONNY H. CROOK,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:16cv752-RH/CAS**

**JULIE L. JONES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a "petition for writ of mandamus for wrongful refusal of accommodations." ECF No. 1.  The petition was deemed to be a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  *See* ECF No. 3.  Plaintiff has now filed an in forma pauperis motion, ECF No. 4, as directed in the prior Order, ECF No. 3.  Plaintiff's motion does demonstrate that Plaintiff lacks funds with which to pay the filing fee for this case.  However, additional information has now been obtained which reveals Plaintiff is not entitled to proceed with in forma pauperis status.

The Court has identified a prior case Plaintiff filed in this Court: case number 4:10cv48-SPM-AK.  Plaintiff was initially granted in forma pauperis status, but United States District Judge Stephan P. Mickle discovered that Plaintiff had previously filed three or more prisoner actions in the Middle District of Florida which were dismissed "on the grounds that they were frivolous, malicious, or failed to state a claim."  ECF No. 10 of case # 4:10cv48.  "The dismissed cases include cases numbered 3:05cv396-JHM-MCR; 3:05cv545-UA-MMH; 3:04cv1160-UA-MMH; and 3:04cv738-JHM-HTS for failure to exhaust administrative remedies."  Id.  "Such cases fall within the category of failure to state a claim upon which relief may be granted."  Id. (citing Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)).  Additionally, Plaintiff had case number 3:05cv356-TC-MMH dismissed as frivolous, and two other cases (case number 3:05cv395-HES-HTS and case number 3:05cv593-J-16HTS) dismissed for failure to be truthful about prior cases.  Furthermore, Plaintiff had a prior case dismissed in the Northern District of Florida for failure to state a claim: case number 4:09cv275-RS/WCS.  The in forma pauperis motion filed in case number

Case No. 4:16cv752-RH/CAS

4:10cv48 confirms that Plaintiff Ronny Crook, inmate # 275129, is the same Plaintiff who initiated this case.

The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The instant complaint does not allege that Plaintiff faces imminent danger of serious physical injury. Rather, Plaintiff is complaining about the denial of a unspecified rights under the A.D.A. and seeks to be "approved" under the A.D.A. ECF No. 1. Those allegations do not bring him within the "imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis should be denied and this action dismissed. Dismissal should be without prejudice to him making the same allegations in a

complaint for which he pays the full $400.00 filing fee at the time of filing the complaint.

It is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 4, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, ECF No. 1, be **DISMISSED without prejudice.** It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv752-RH/CAS